FILED
TARRANT COUNTY
8/27/2021 2:45 PM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. 352-328060-21

| | | |
|---|---|---|
| TIFFANY BROOKINS | § § § | IN THE DISTRICT COURT |
| v. | § § § | _____ JUDICIAL DISTRICT |
| EAST PENN MANUFACTURING COMPANY, EAST PENN LOGISTICS LLC, AND BRUCE MILLER | § § § § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Tiffany Brookins ("Plaintiff") files this Original Petition complaining of Defendants East Penn Manufacturing Company, East Penn Logistics LLC, and Bruce Miller ("Defendants") and for cause of action states the following:

### DISCOVERY CONTROL PLAN

1. Pursuant to Rules 190.1 and 190.3 of the Texas Rules of Civil Procedure, Plaintiff states that discovery in this cause is intended to be conducted under Level 3.

### JURY DEMAND

2. Pursuant to Rules 216 and 217 of the Texas Rules of Civil Procedure, Plaintiff requests a jury trial of this matter. Accordingly, Plaintiff tenders the proper jury fee with the filing of Plaintiff's Original Petition.

### PARTIES

3. Plaintiff Tiffany Brookins is an individual residing in Tarrant County, Texas. The last three digits of her driver's license are 795 and the last three digits of her social security number are 452.

4. Defendant East Penn Manufacturing Company is an entity doing business in Texas and may be served by delivering a copy of the citation directed to Defendant and Plaintiff's


A CERTIFIED COPY
ATTEST: 10/05/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Lisa Adams

      Original Petition to its registered agent for service of process, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

5. Defendant East Penn Logistics LLC is an entity doing business in Texas and may be served by delivering a copy of the citation directed to Defendant and Plaintiff's Original Petition to its registered agent for service of process, Corporation Service Company dba CSC – Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701.

6. Defendant Bruce Miller is a non-resident.  A current search of records indicates that he resides at 207 East Anthony Street, Corydon, Iowa 50060 and may be served by delivering a copy of the citation directed to Defendant and this petition, by and through his substituted agent for service of process, J. Bruce Bugg, Jr., Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas, 78701, pursuant to §17.062.

## VENUE AND JURISDICTION

7. Venue is proper in this Court by virtue of Tex. Civ. Prac. & Rem. Code §15.002(a). Furthermore, this Court has jurisdiction in that the damages being sought are within the jurisdictional limits of this Court.

## FACTS

8. This lawsuit is based on a motor vehicular collision occurring on or about April 16, 2020, at or on Southbound Highway 35, Fort Worth, Texas (hereinafter referred to as "The Collision").

9. The Collision was proximately caused by the negligence and / or negligence *per se* of Defendants.  Such acts of negligence are more defined in the below paragraphs.

**Plaintiff's Original Petition - Page 2 of 7**



A CERTIFIED COPY
ATTEST: 10/05/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Lisa Adams

10. At the time of The Collision, Defendant Bruce Miller was working in the course and scope of his employment for East Penn Manufacturing Company and/or East Penn Logistics LLC.

11. At the time of The Collision, Defendant Bruce Miller changed lanes unsafely causing the collision with Plaintiff's vehicle. This crash severely injured the Plaintiff.

## CAUSES OF ACTION

### Negligence, Negligence *Per Se*, and/or Respondeat Superior

12. At the time of The Collision, Defendant Bruce Miller was negligent and / or negligent *per se* in one or more of the following particulars:

    a. In failing to keep such a lookout as a person of ordinary prudence would have kept under the same or similar circumstances;
    b. In failing to timely apply the brakes of his vehicle in order to avoid the collision in question;
    c. In driving a vehicle at a rate of speed which was greater than that which an ordinarily prudent person would have driven under the same or similar circumstances;
    d. In failing to yield the right-of-way;
    e. In failing to maintain his vehicle under control;
    f. In following too closely;
    g. In disregarding traffic signals;
    h. In failing to take proper evasive action;
    i. In driving while inattentive;
    j. In driving while looking at his cell phone, texting, emailing, or otherwise using a cellular device which diverted his attention from the road in front of him; and
    k. In violating Texas Transportation Code Sections 545.060 (driving on roadway laned for traffic), 545.351 (maximum speed requirement), and 545.4251 (use of portable wireless communication device for electronic messaging).

13. At the time of the collision, Defendant Bruce Miller, the driver of the Defendants East Penn Manufacturing Company and/or East Penn Logistics LLC's vehicle, was an employee of Defendants East Penn Manufacturing Company and/or East Penn Logistics LLC. Defendant Bruce Miller was acting within the course and scope of such employment at the time of the occurrence and at all relevant times prior thereto. As such, Defendants East



A CERTIFIED COPY
ATTEST: 10/05/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Lisa Adams

Penn Manufacturing Company and East Penn Logistics LLC are legally responsible for its driver's negligence and negligence *per se* under the doctrine of respondeat superior / vicarious liability.

14. Defendant East Penn Manufacturing Company and/or East Penn Logistics LLC was negligent in hiring Defendant Bruce Miller as a driver and negligent in allowing him to continue driving vehicles for it when they reasonably should have known that it was unsafe to do so. It was also negligent in its training of Defendant Bruce Miller. Such training would have prevented the occurrence in question. Additionally, it was negligent in its safety teaching, collision prevention, and the operation of its company vehicle system. Such negligence, singularity or in combination with others, proximately caused The Collision.

15. Each of the foregoing acts or omissions, singularly or in combination with others, constituted negligence and / or negligence *per se*, which proximately caused The Collision and Plaintiff's injuries and damages.

## **PERSONAL INJURIES AND DAMAGES**

16. As a result of Defendants' negligent actions, Tiffany Brookins suffered personal injuries. Consequently, Tiffany Brookins seeks recovery of the following damages:

    a. Medical Expenses: Tiffany Brookins incurred bodily injuries which were caused by The Collision and Tiffany Brookins incurred medical expenses for treatment of such injuries. Tiffany Brookins believes that, in reasonable medical probability such injuries will require the need for future medical care.

    b. Physical Pain: Tiffany Brookins endured physical pain as a result of the personal injuries sustained in The Collision and reasonably anticipates such pain will continue in the future.

    c. Mental Anguish: Tiffany Brookins endured mental anguish as a result of the personal injuries sustained in The Collision and reasonably anticipates such mental anguish will continue in the future.



A CERTIFIED COPY
ATTEST: 10/05/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Lisa Adams

    d.    <u>Disfigurement</u>: Tiffany Brookins endured disfigurement as a result of the personal injuries sustained in The Collision and reasonably anticipates such will continue in the future.

    e.    <u>Impairment</u>: Tiffany Brookins endured physical impairment as a result of the personal injuries sustained in The Collision and reasonably anticipates such in the future.

    f.    <u>Loss of Earning Capacity</u>: Tiffany Brookins lost wages as a result of the personal injuries sustained in The Collision. Tiffany Brookins reasonably believes that such injuries will diminish Tiffany Brookins' earning capacity in the future.

## AGGRAVATION

17. In the alternative, if it be shown that the Plaintiff suffered from any pre-existing injury, disease and/or condition at the time of the incident made the basis of the lawsuit, then such injury, disease and/or condition was aggravated and/or exacerbated by the negligence of the Defendants.

## PROPERTY DAMAGE

18. As a proximate result of the above-detailed conduct on the part of the Defendants, the vehicle Plaintiff was in at the time of the collision was damaged in an amount in excess of the jurisdictional limits of this Court, for which the Defendants are hereby sued and recovery is sought.

## U.S. LIFE TABLES

19. Notice is hereby given to the Defendants that Plaintiff intends to use the U. S. Life Tables as published by the Department of Health and Human Services - National Vital Statistics Report in the trial of this matter. Plaintiff requests that this Honorable Court take judicial notice of those rules, regulations, and statutes of the United States and the State of Texas, pursuant to Texas Rule of Evidence 201 and 1005.


A CERTIFIED COPY
ATTEST: 10/05/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Lisa Adams

## RELIEF SOUGHT

20. Pursuant to Texas Rules of Civil Procedure 193.7, notice is hereby given of the intention to use any of the documents exchanged and/or produced between any party during the trial of this case. All conditions precedent to Plaintiff's right to recover the relief sought herein have occurred or have been performed.

21. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff states that Plaintiff seeks monetary relief in between $250,000 and $1,000,000. As discovery takes place and testimony is given, Plaintiff will be in a better position to give the maximum amount of damages sought.

22. Plaintiff requests that Defendants be cited to appear and answer, and that this case be tried after which Plaintiff recover:

    a. Judgment against Defendants for a sum within the jurisdictional limits of this Court for the damages set forth herein;
    b. Pre-judgment interest at the maximum amount allowed by law;
    c. Post-judgment interest at the maximum rate allowed by law;
    d. Punitive damages;
    e. Costs of suit; and
    f. Such other and further relief to which Plaintiff may be justly entitled.



A CERTIFIED COPY
ATTEST: 10/05/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Lisa Adams

Respectfully submitted,

**REYES | BROWNE | REILLEY**

/s/ Spencer P. Browne
**Spencer P. Browne**
State Bar No. 24040589
**Hussain Ismail**
State Bar No. 24087782
8222 Douglas Avenue, Suite 400
Dallas, TX 75225
(214) 526-7900
(214) 526-7910 (FAX)
spencer@reyeslaw.com
hussain@reyeslaw.com

**ATTORNEYS FOR PLAINTIFF**



A CERTIFIED COPY
ATTEST: 10/05/2021
THOMAS A. WILDER
DISTRICT CLERK
TARRANT COUNTY, TEXAS
BY: /s/ Lisa Adams